UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20438-GAYLES/SHAW-WILDER

UNITED STATES OF AMERICA

v.

MICHEL GARCIA,
    a/k/a "Cassi Clay," and
RENIER MENDEZ,

    Defendants.
    _____/

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the discovery materials in this case and certain sensitive information contained therein (the "Discovery").

Defendants Michel Garcia and Renier Mendez[1] are charged in a multi-count indictment alleging (1) conspiracy to distribute and possess with intent to distribute cocaine and (2) possession with intent to distribute cocaine. The controlled substance attributable to Garcia and Mendez is greater than five kilograms of cocaine. These charges arise out of the defendants' participation in a drug conspiracy that resulted in the seizure of over 70 kilograms of cocaine and $450,000 in the Southern District of Florida and elsewhere. The discovery in this case includes wiretap intercepts[2] (including any related transcriptions and translations), video recordings, photographs, and reports

---

[1] The Proposed Protective Order has already been entered as to six other defendants [ECF No. 39 and ECF No. 68].

[2] On September 27, 2025, the Hon. Jacqueline Becerra, United States District Judge, signed an order authorizing the government to disclose sealed wiretap materials relevant to the defendants.

1

(including cooperating witness statements) detailing the defendants' involvement in the conspiracy, which constitutes sensitive information ("Sensitive Information").

Dissemination of the Sensitive Information in this case would jeopardize the safety of the cooperating witnesses as well as jeopardize ongoing investigations into other members of the conspiracy. Additionally, the United States may also pursue prosecution of additional individuals based upon evidence contained within the discovery it will provide to defendants.

Accordingly, to protect the safety of cooperating witnesses and maintain the integrity of ongoing investigations and potential prosecutions, the government seeks to limit the dissemination of the Sensitive Information to only those individuals necessary to assist in the defense in this case and with the following disclosure regulations:

1. The government is authorized to disclose Sensitive Information in its possession that the government believes necessary to comply with the discovery obligations imposed by this Court;

2. The government shall produce the Discovery as follows. The government shall mark that portion of the Discovery that includes Sensitive Information as "Confidential," which will be governed by the following rules:

a. Counsel of record for the defendants in this proceeding shall hold the Confidential portion of the Discovery in the strictest confidence. Therefore, defense counsel shall restrict access to this discovery, and shall disclose this discovery to their respective client, office staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their respective client in this matter and in a manner that will prohibit the disclosure of this discovery to other persons not involved in the defense. To the extent a defendant is in custody, defense counsel may show the defendant copies of the Confidential portion of Discovery but may *not* provide the defendant with copies of the

Confidential portion of Discovery. Under no circumstance shall defense counsel permit the defendants or any other individual to remove the Confidential portion of Discovery from defense counsel's office, retain any copies of the Confidential portion of Discovery, or reproduce in any manner the Confidential portion of Discovery;

      b.      Counsel of record for the defendants shall advise any person to whom the Confidential portion of Discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

      c.      Counsel of record for the defendants shall obtain a certification from each person to whom the Confidential portion of the Discovery is disclosed, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the Discovery and the date on which such information was first disclosed; and

      d.      Counsel of record for the defendants agree that, upon conclusion of the above captioned case, copies of the Confidential portion of the Discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

## Conferral

Counsel for the United States has conferred with counsel of record for defendants Michel Garcia and Renier Mendez, who do not oppose the relief requested herein.

                                                            Respectfully Submitted,

                                                            JASON A. REDING QUIÑONES
                                                            UNITED STATES ATTORNEY

By:    */s/ Daya Nathan*
        Daya Nathan
        Assistant United States Attorney
        Florida Bar No. 74392
        United States Attorney's Office
        99 NE 4th Street, 8th Floor
        Miami, FL 33132
        Tel.: 305-961-9147
        Email: daya.nathan@usdoj.gov