UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20438-GAYLES

UNITED STATES OF AMERICA

v.

MICHEL GARCIA,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture [ECF No. 270] ("Motion") against Defendant Michel Garcia (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On November 12, 2025, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, among other counts. Superseding Indictment, Dkt. No. 109. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to 21 U.S.C. § 853.

The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to:

    (i)    Approximately $100,020 in U.S. currency;

    (ii)    Approximately $111,580 in U. S. currency;

       (iii)    Approximately \$29,000 in U.S. currency;

       (iv)    Approximately \$204,280 in U.S. currency; and

       (v)    Approximately \$41,056 in U.S. currency.

*See id.* at 6-7.[1]

The United States has since identified the following additional assets subject to forfeiture:

       (i)    One Vehicle Trailer, 2003 Boydstun Metal Works, Inc., VIN 1B9CS45223P275218; and

       (ii)    One GVW Truck/Tractor, 1987 Peterbilt, VIN 1XPCDB9X1HN218586.

*See* Plea Agreement, Dkt. No. 177.

On February 26, 2026, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Indictment. *See* Minute Entry, Dkt. No. 175; Plea Agreement, Dkt. No. 177. As part of the guilty plea, the Defendant agreed to the forfeiture of the currency listed in the Superseding Indictment, One Vehicle Trailer, 2003 Boydstun Metal Works, Inc., VIN 1B9CS45223P275218; One GVW Truck/Tractor, 1987 Peterbilt, VIN 1XPCDB9X1HN218586, and the entry of a forfeiture money judgment in the amount of \$50,000. Dkt. No. 177 at 7-8.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 176. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, Dkt. No. 254.

As set forth in the Factual Proffer, Dkt. No. 176, beginning, at least as early as September

---

[1] The DEA is administratively forfeiting the currency identified in the Superseding Indictment.

2024, and continuing through September 16, 2025, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than fifteen (15) but less than fifty (50) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.

Using investigatory techniques, including federally authorized wiretaps from May 16, 2025 through September 16, 2025, physical surveillance, and search warrants, the Drug Enforcement Administration and other law enforcement agencies established that, between at least September 2024 and September 2025, the Defendant conspired with co-defendants and others to distribute and possess with the intent to distribute kilogram quantities of cocaine on various dates. More specifically, the Defendant was a truck driver who transported cocaine and money for Fernandez and other narcotics traffickers, including for members of a Mexican drug cartel. The Defendant met members of the Mexican drug cartel in California. The Defendant agrees that, during the course of the conspiracy, he obtained over $50,000 in proceeds from narcotics trafficking that have not been seized by law enforcement.

On September 24, 2024, co-conspirator Reinaldo Fernandez met with the Defendant on the shoulder of highway US-27 in Miami-Dade County, Florida. The Defendant provided Fernandez with multiple kilograms of cocaine.

In mid-to-late May 2025, Fernandez arranged with the Mexican drug cartel a delivery of cocaine by the Defendant to Fernandez. From the late-night hours of May 22, 2025, through the early morning hours of May 23, 2025, in Lake City, Florida, law enforcement stopped and searched a semi-truck being driven by the Defendant. The semi-truck was hauling a vehicle carrier trailer with numerous vehicles. Law enforcement seized from one of the vehicles approximately 28.5 kilograms (with packaging) of suspected cocaine. Law enforcement also seized approximately

3

$111,580 from the cab of the semi-truck, which $111,580 was the proceeds of narcotics trafficking. The Defendant was driving a GVW Truck/Tractor, 1987 Peterbilt, VIN 1XPCDB9X1HN218586, with an attached Vehicle Trailer, 2003 Boydstun Metal Works, Inc., VIN 1B9CS45223P275218; the Truck/Tractor and Vehicle Trailer were used to facilitate narcotics trafficking in September 2024, May 2025, and on other dates.

The day after the seizure, at the Defendant's request, Fernandez traveled from Miami-Dade County to Lake City, Florida to speak with the Defendant in person. The Defendant told Fernandez details about the seizure. The Drug Enforcement Administration's laboratory confirmed the substance seized from Garcia was approximately 20.11 kilograms of cocaine. Dkt. No. 176.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $50,000 is hereby entered against the Defendant.

2.      Pursuant to 21 U.S.C. § 853, the following specific property is hereby forfeited and vested in the United States of America:

> (i)      One Vehicle Trailer, 2003 Boydstun Metal Works, Inc., VIN 1B9CS45223P275218; and
>
> (ii)     One GVW Truck/Tractor, 1987 Peterbilt, VIN 1XPCDB9X1HN218586.

3.      Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4.      Pursuant to 21 U.S.C. § 853(g), no party other than the United States may sell, alienate, alter title, or otherwise dispose of the forfeited property absent further Court order.

5.      The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

6.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

8.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 26th day of May 2025.

DARRIN P. GAYLES
**UNITED STATES DISTRICT JUDGE**

5